IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEEL CITY GROUP, on its own behalf and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | 02: 06cv1501 |
| GLOBAL ONLINE DIRECT, INC., t/d/b/a Global Online Depository, GLOBAL ONLINE DEPOSITORY, LARRY E. HUNTER a/k/a Buck Hunter and t/d/b/a GLOBAL ONLINE DEPOSITORY, and E-GOLD, LTD., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER TO SHOW CAUSE**

This action was originally commenced by the filing of a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, Docket No. GD-06-025728, on October 27, 2006.  Contemporaneously with the filing of the Complaint, Plaintiffs filed a Motion for Alternate Service, which was granted by the Court of Common Pleas on October 27, 2006.  The Order authorized Plaintiffs to make alternative service upon the defendants Global Online Direct, Inc., Global Online Depository and Larry E. Hunter a/k/a Buck Hunter and t/d/b/a Global Online Depository by e-mail and regular mail.

On October 31, 2006, Plaintiffs filed a Proof Of Service representing that service was effectuated by regular mail to:

"Global Online Direct, Inc.
Corporate Administrative Headquarters
8566 Lakota Street
Las Vegas, NV 89123

>Larry "Buck" Hunter
>8566 Lakota Street
>Las Vegas, NV 89123
>
>and email to the following email addresses:
>
>upayinc@MyFreeWebmail.com
>upaycc@aol.com
>globalstores@aol.com
>globaldirectspip@aol.com"

*See Court of Common Pleas Docket, Proof of Service.*

On November 9, 2006, Defendants Global Online Direct, Inc., t/d/b/a Global Online Depository, and Global Online Depository filed a notice of removal of the action in this Court at Case Number 06cv1501.  Defendants contend that although Plaintiff "emailed the Complaint to representatives of Global on October 31, 2006 . . . [n]o proper service has been affected to date."  Notice of Removal, at ¶ 2.

Defendants allege that federal jurisdiction exists pursuant to 28 U.S.C. § 1332 on the basis of (i) diversity of citizenship and (ii) the amount in controversy exceeds the jurisdictional amount for exclusive court jurisdiction for class actions pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

CAFA generally "permits defendants to remove certain class actions to federal court if minimal diversity of citizenship exists." *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 811 (7th Cir. 2005). Specifically, CAFA provides that district courts shall have original jurisdiction of class actions in which: (1) the number of members of the proposed plaintiff class contains 100 or more members, § 1332(d)(5); (2) the aggregate amount in controversy exceeds five

million dollars; and (3) at least one member of the plaintiff class is diverse from at least one defendant, § 1332(d)(2).

However, CAFA also provides for three exceptions to the general diversity rule. Under the "home state controversy" exception, district courts must decline to exercise jurisdiction where two thirds or more of the members of the proposed plaintiff class, and the primary defendants, are citizens of the original filing state. § 1332(d)(4)(B).

Similarly, under the "local controversy" exception, district courts must decline jurisdiction where four circumstances are met: (i) greater than two thirds of the members of the proposed plaintiff class are citizens of the original filing state; (ii) at least one defendant is a defendant from whom members of the proposed plaintiff class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (iii) the principal injuries resulting from the alleged conduct of each defendant were incurred in the original filing state; and (iv) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the instant class action. § 1332(d)(4)(A).

Under the third exception, the "interests of justice" exception, district courts may, "in the interests of justice and looking at the totality of the circumstances," decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the total members of the proposed plaintiff class and the primary defendants are citizens of the State in which the action was originally filed. § 1332(d)(3).

From the face of the Complaint and the Notice of Removal the Court cannot determine if diversity jurisdiction exists in this matter for a number of reasons. First, the

Complaint identifies "Steel City Group" as an "unincorporated association located in Allegheny County, Pennsylvania." Pursuant to CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). However, while the Complaint identifies the principal place of business of Steel City Group, it does not identify "the State under whose laws it is organized."

Second, as to Defendant Larry E. "Buck" Hunter, the Complaint merely gives mailing addresses and email addresses for this Defendant. The citizenship of Defendant Hunter is not pled. *See Guerrino v. Ohio Casualty Inc., Co.*, 423 F.2d 419 (3d Cir. 1970) (allegations of citizenship are required to meet jurisdictional requirement, rather than allegations of residence.)

Lastly, the Court is concerned that not all Defendants have consented to the removal. The Court of Appeals for the Third Circuit has instructed that in cases with multiple defendants, "all must join in the removal petition." *Lewis v. Rego Co.*, 757 F.2d 66 (3d Cir. 1985). A defendant may effectively join the removal petition by (i) signing the removal notice; (ii) filing his own notice; or (iii) filing a written consent or joinder to the original notice with the federal court. *See Green v. Target Stores,* 305 F. Supp. 2d 448, 450 (E. D. Pa. 2004). Three exceptions to the requirement of unanimity for proper removal exist where: (1) the non-joining defendant is a nominal party; (2) the defendant has been fraudulently joined; or (3) a defendant had not been served when the removing defendants filed their notice of removal.

In the instant case, the removing Defendants have not addressed the issue of whether any of these exceptions apply. Of particular concern to the Court is the non-consent of

Defendant Larry E. "Buck" Hunter who, according to the Proof of Service filed by Plaintiffs, was served by regular mail in accordance with the Court's Order of October 27, 2006 which authorized alternate service.[1]

**AND NOW** this 16th day of November 2006, it is hereby

**ORDERED** that on or before **November 30, 2006**, Defendants Global Online Direct, Inc., t/d/b/a Global Online Depository, and Global Online Depository shall show cause why this action should not be dismissed without prejudice because of the questionable subject matter jurisdiction.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Michael J. Bruzzese, Esquire
        Email: mjblaw@verizon.net

        Moira E. Cain-Mannix, Esquire
        Marcus & Shapira
        Email: cain-mannix@marcus-shapira.com

        Stephen S. Zubrow, Esquire
        Marcus & Shapira
        Email: zubrow@marcus-shapira.com

---

[1] There is no indication that Defendant E-Gold, Ltd., has been served.