IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEEL CITY GROUP, on its own behalf and on behalf of all others similarly situated,<br>           Plaintiff,<br>   v.<br><br>GLOBAL ONLINE DIRECT, INC., trading and doing business as GLOBAL ONLINE DEPOSITORY, GLOBAL ONLINE DEPOSITORY, LARRY E. HUNTER, also known as BUCK HUNTER, trading and doing business as GLOBAL ONLINE DEPOSITORY and E-GOLD, LTD,<br>           Defendants. | 2:06-cv-1501 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court for consideration and disposition is an EMERGENCY MOTION TO IMMEDIATELY VACATE THE *EX PARTE* OCTOBER 27, 2006 ORDER OF THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY (Document No. 2) filed by Defendants Global Online Direct, Inc. and Global Online Depository (hereafter "Defendants") . The Court concludes that the Defendants' Motion to Vacate should be GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

This case was filed in the Court of Common Pleas of Allegheny County as a class action. The gravamen of the Complaint is that Defendants are operating an alleged internet "Ponzi scheme" that has defrauded hundreds of investors of more than $250,000. Complaint ¶¶ 1, 24. The sole named Plaintiff, Steel City Group, is an unincorporated association located in Allegheny County, Pennsylvania. Complaint ¶ 2. Defendants are alleged to be citizens of Nevada, Oregon

or Idaho. Complaint ¶ 4. Defendant Larry E. "Buck" Hunter ("Hunter") is alleged to be an individual located in Nevada. Defendant E-Gold, Ltd. is a nominal defendant.[1]

On October 27, 2006, the Court of Common Pleas issued an Order which granted Plaintiff's Motion to Freeze and Stabilize Accounts. Defendants contend that the Order was issued *ex parte* and, indeed, that they had no notice of Plaintiff's Complaint or Motion prior to the entry of the Order. Defendants further assert that Plaintiff neither properly supported its Motion to Freeze and Stabilize Accounts with a verified statement of facts nor posted a security bond.

On November 9, 2006, Defendants filed a Notice of Removal. On November 15, 2006, said Defendants filed the instant Emergency Motion to Vacate. Despite the emergency nature of Defendants' motion, and the Plaintiff's request in the state court for emergency relief, Plaintiff has not filed a response or motion of any kind. On November 16, 2006, this Court, *sua sponte*, issued an order which directed Defendants to show cause that the Court could exercise subject matter jurisdiction over this dispute. Defendants have filed a Memorandum in Response to the Court's Order (Document No. 8).[2]

---

[1] Plaintiffs do not allege wrongdoing by E-Gold. It is a "nominal defendant" named because the proceeds of the alleged fraud by the other Defendants are on deposit with E-Gold. Complaint ¶ 9.

[2] Defendants have also filed a Motion to Dismiss (Document No. 6), which is not addressed in the instant Opinion as Plaintiff has been ordered to respond by December 11, 2006.

## DISCUSSION

As an initial matter, the Court is now satisfied that it may exercise subject-matter jurisdiction over this action. A defendant has the right to remove any civil action brought in a state court over which this Court would have original jurisdiction. 28 U.S.C. § 1441. All of the Defendants have consented to removal.[3] The allegations of the Complaint demonstrate that this Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In determining diversity in a class action, the Court considers only the citizenship of the named parties. *In re School Asbestos Litigation*, 921 F.2d 1310, 1317 (3d Cir. 1990). Plaintiff is deemed to be a citizen of Pennsylvania, all of the Defendants are citizens of other states, and the matter in controversy exceeds $75,000. Thus, the requirements of Section 1332(a) are clearly satisfied. Accordingly, the Court need not reach the question of whether it may exercise subject-matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), except to note that nothing in the text of Section 1332(d) purports to supplant or restrict the traditional diversity jurisdiction conferred under Section 1332(a).

The Court will now address the substance of the Defendants' Emergency Motion to Vacate. By statute, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. In the instant case, an Order Granting Motion to Stabilize and Freeze Accounts (the "Order") was issued by the Court of Common Pleas of Allegheny County on October 27, 2006. Neither the Order itself, nor the underlying Motion of the Plaintiff, cites a

---

[3] E-Gold has not been served, nor has it consented to removal. However, nominal defendants are not regarded for the purpose of the removal determination. *Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982).

specific basis for the Court's authority.  It is undisputed, on the record presently before this Court, that the Order was *ex parte* and without notice to Defendants.  Defendants have construed the Order to be analogous to the entry of a Special Injunction pursuant to Pennsylvania Rule of Civil Procedure 1531.  This Court agrees that the Order of the State Court is very much akin to a Special Injunction, although it recognizes that the Order does not comply with all of the requirements set forth in Rule 1531, such as the security bond set forth in Rule 1531(b).  Accordingly, the Court will consider whether a Temporary Restraining Order ("TRO") pursuant to Fed. R. Civ. P. 65(b), the federal equivalent to a Special Injunction, should remain in effect.

Pursuant to Pennsylvania Rule 1531(d), "[a]n injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct."  Similarly, Federal Rule 65(b) provides that a TRO obtained without notice to the opposing party shall expire by its terms within ten days, "unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period."  Pennsylvania Rule 1531(c) permits a party to move for dissolution at any time.  Federal Rule 65(b) permits a party to move for dissolution upon two days' notice to a party that obtained a TRO without notice.

It appears clear to the Court that the October 27, 2006 Order to freeze and stabilize accounts must be dissolved.  Under both state and federal law, orders entered *ex parte* and without notice to the adverse party are disfavored remedies designed to maintain the status quo for only a short time.  The rules recognize that such orders should expire by their own terms

4

unless the parties and the court take steps to extend duration. In the instant matter, due to the removal and the operation of 28 U.S.C. § 1450, the Order has been effective for a longer period (over 30 days) than would have been authorized under either the state or federal procedural rules. Moreover, Plaintiff has taken no steps whatsoever to extend the Order, to request a hearing, or to explain why the Order is necessary. Indeed, despite the filing of Defendants' emergency motion to dissolve the Order over two weeks ago, Plaintiff has failed, neglected or refused to make any response whatsoever. Accordingly, the record falls far short of the "good cause" that would be necessary to extend an order obtained without notice to the opposing party.

The Court makes no findings with regard to the validity of the parties' claims and defenses. Plaintiff may seek injunctive relief from this Court if it is able to demonstrate that such relief is appropriate. At this stage of the litigation, the Court finds only that the *ex parte* Order obtained in state court cannot remain in effect.

### CONCLUSION

For the reasons set forth above, the October 27, 2006 Order entered by the Court of Common Pleas of Allegheny County will be dissolved.

An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEEL CITY GROUP, on its own behalf and on behalf of all others similarly situated,** | ) ) ) | |
| | ) | 2:06-cv-1501 |
| **Plaintiff,** | ) | |
| v. | ) ) | |
| **GLOBAL ONLINE DIRECT, INC., trading and doing business as GLOBAL ONLINE DEPOSITORY, GLOBAL ONLINE DEPOSITORY, LARRY E. HUNTER, also known as BUCK HUNTER, trading and doing business as GLOBAL ONLINE DEPOSITORY and E-GOLD, LTD,** | ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER OF COURT

AND NOW, this 30th day of November, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the EMERGENCY MOTION TO IMMEDIATELY VACATE THE *EX PARTE* OCTOBER 27, 2006 ORDER OF THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY filed by Defendants Global Online Direct, Inc. and Global Online Depository (Document No. 2) is **GRANTED**. The October 27, 2006 Order entered by the Court of Common Pleas of Allegheny County, which granted Plaintiff's Motion to Freeze and Stabilize Accounts, is hereby **VACATED, DISSOLVED AND OF NO FURTHER FORCE OR EFFECT.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     Michael J. Bruzzese, Esquire
        Email: mjblaw@verizon.net

        Moira E. Cain-Mannix, Esquire
        Email: cain-mannix@marcus-shapira.com
        Stephen S. Zubrow, Esquire
        Email: zubrow@marcus-shapira.com

        E-GOLD, LTD,
        i/c/o Andrew S. Ittleman, Esq.
        1001 Brickell Bay Drive
        Suite 2002
        Miami, FL 33131