IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEEL CITY GROUP, on its own behalf and on behalf of all others similarly situated,<br><br>          Plaintiff,<br>v.<br><br>GLOBAL ONLINE DIRECT, INC., trading and doing business as GLOBAL ONLINE DEPOSITORY, GLOBAL ONLINE DEPOSITORY, LARRY E. HUNTER, also known as BUCK HUNTER, trading and doing business as GLOBAL ONLINE DEPOSITORY and E-GOLD, LTD,<br><br>          Defendants. | )<br>)<br>)   2:06-cv-1501<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court for consideration and disposition are a MOTION TO DISMISS (Document No. 6) filed by Defendants, an EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (Document No. 11) filed by Plaintiff, and a MOTION TO STRIKE (Document No. 16) filed by Defendants. The Court concludes that the Defendants' Motion to Dismiss should be GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case was filed in the Court of Common Pleas of Allegheny County as a class action. The gravamen of the Complaint is that Defendants are operating an alleged internet "Ponzi scheme" that has defrauded hundreds of investors of more than $250,000. Complaint ¶¶ 1, 24. The sole named Plaintiff, Steel City Group, is an unincorporated association located in Allegheny County, Pennsylvania. Complaint ¶ 2. Defendants are alleged to be citizens of Nevada, Oregon

or Idaho. Complaint ¶ 4. Defendant Larry E. "Buck" Hunter ("Hunter") is alleged to be an individual located in Nevada. Defendant E-Gold, Ltd. is a nominal defendant.[1]

On October 27, 2006, the Court of Common Pleas issued an Order which granted Plaintiff's Motion to Freeze and Stabilize Accounts. On November 9, 2006, Defendants filed a Notice of Removal, and have subsequently filed a Motion to Dismiss and an Emergency Motion to Vacate an ex parte order entered by the state court to freeze certain E-Gold accounts. The Court, sua sponte, raised concerns about its subject matter jurisdiction, to which Defendants filed a response. On November 30, 2006, this Court concluded that it could exercise subject matter jurisdiction over this dispute based on the Defendants' response and the allegations in the Complaint and the Emergency Motion to Vacate was granted. Plaintiffs then filed the instant Motion for Temporary Restraining Order. A hearing was conducted on December 11, 2006 with counsel for both sides participating.

## DISCUSSION

Defendants contend that the Complaint must be dismissed because Plaintiff lacks standing. The Court agrees. The requirement that a Plaintiff establish "standing" is a fundamental doctrine grounded in the United States Constitution Article III, which limits the courts' jurisdiction to actual "cases or controversies." A court must ensure that it has jurisdiction at all stages of the case. *Citizens Concerned for Separation of Church and State v. City and County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980).

---

[1] Plaintiffs do not allege wrongdoing by E-Gold. It is a "nominal defendant" named because the proceeds of the alleged fraud by the other Defendants are on deposit with E-Gold. Complaint ¶ 9.

In order to demonstrate standing, a Plaintiff must show: (1) injury in fact to a concrete, particular, actual interest; (2) a causal connection to the Defendants' conduct; (3) that the injury is likely to be redressable by a favorable decision; and (4) if injunctive relief is sought, that there is a significant possibility of future harm. *Lippoldt v. Cole*, 2006 WL 3200864 (10th Cir. November 7, 2006).

In the instant case, the pleadings and the affidavits provided at the hearing on the Motion for Temporary Restraining Order have conclusively demonstrated that Plaintiff lacks standing. The named Plaintiff is Steel City Group, which is alleged to be an unincorporated association. However, no such organization is apparently registered in Pennsylvania. The Complaint does not identify any individual who purports to act on behalf of Steel City Group and the Complaint was "verified" by Plaintiff's counsel. At the hearing, Plaintiff's counsel submitted an affidavit from Rebecca J. Schepis, who averred that she was the "sole proprietor of Steel City Group, which is a fictitious trade name."

Plaintiff lacks standing for several reasons. First, neither Schepis nor Steel City Group can establish any "injury in fact." Despite repeated requests from the Court, Plaintiff cannot establish that she has lost any of the $100 she allegedly invested with Defendants.[2] Plaintiff does not contend that Defendants have refused to return her money. Indeed, Plaintiff has not even made a demand for repayment. Thus, the harm in this case is purely conjectural and is not causally connected to Defendants' activities. Second, there is a failure regarding the proof of Ms. Schepis' alleged investment -- Plaintiff's own exhibits show that the account number that

---

[2]Based on this information, even if Plaintiff were able to establish standing, the Court would likely be required to dismiss this case for lack of subject matter jurisdiction because it is apparent that Plaintiff's claim is far below the $75,000 threshold.

Plaintiff claims is related to Ms. Schepis belongs to an unnamed person from Mobile, Alabama. Third, as Defendants point out, the Complaint failed to comply with Pennsylvania's rules of civil procedure, which require an unincorporated association to file suit in the names of a member acting as trustee ad litem. Fed. R. Civ. P. 17(b); Pa. R. Civ. P. 2152. As noted above, the Complaint does not identify any individual who would have a personal stake in the outcome of this case. *See Sierra Club v. Morton*, 405 U.S. 727 (1972). In summary, because Plaintiff lacks standing, the Court is constitutionally barred from adjudicating this dispute. Accordingly, the Motion to Dismiss will be granted and the Emergency Motion for Temporary Restraining Order (Document No. 11) will be denied.[3]

Defendants filed a Motion to Strike portions of the Motion for Temporary Restraining Order (Document No. 11) which violated Local Rule 5.1.1(D)(4) by listing the entire bank account numbers for certain accounts owned by Defendants at E-Gold and E-Bullion. Under the Local Rule, only the last four digits of the account number should have been set forth, to preserve the privacy of such information. Therefore, the Motion to Strike will be granted and the Motion for Temporary Restraining Order (Document No. 11) will be removed from the Electronic Filing system forthwith. Plaintiff will have five (5) days to substitute a Motion for Temporary Restraining Order that complies with the Local Rule.

An appropriate order follows.

---

[3]The Court does not make any findings with regard to the substance of Plaintiff's allegations, but merely concludes that this is not an appropriate forum. Nor does the Court find it necessary to address the other arguments presented in the Motion to Dismiss.

                                    McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEEL CITY GROUP, on its own behalf and on behalf of all others similarly situated,** )<br>)<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**GLOBAL ONLINE DIRECT, INC., trading and doing business as GLOBAL ONLINE DEPOSITORY, GLOBAL ONLINE DEPOSITORY, LARRY E. HUNTER, also known as BUCK HUNTER, trading and doing business as GLOBAL ONLINE DEPOSITORY and E-GOLD, LTD,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | 2:06-cv-1501 |

## ORDER OF COURT

AND NOW, this 11th day of December, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO DISMISS (Document No. 6) is **GRANTED,** the EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (Document No. 11) is **DENIED** and the MOTION TO STRIKE (Document No. 16) is **GRANTED** and the clerk is directed to remove Document No. 11 from the electronic filing system forthwith.  Plaintiff will have five (5) days to substitute a Motion for Temporary Restraining Order that complies with the Local Rules.  The clerk is directed to mark this case closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Michael J. Bruzzese, Esquire
Email: mjblaw@verizon.net

Moira E. Cain-Mannix, Esquire
Email: cain-mannix@marcus-shapira.com
Stephen S. Zubrow, Esquire
Email: zubrow@marcus-shapira.com

Mark A. Kearney, Esquire
Email: mak@elliottgreenleaf.com

E-GOLD, LTD,
i/c/o Andrew S. Ittleman, Esq.
1001 Brickell Bay Drive
Suite 2002
Miami, FL 33131